EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CONSTANTINO VICENTE-GUERRA,
on behalf of himself and others similarly situated,

                Case No.: 17 CV 7197
                    (GWG)

                Plaintiff,

   -against-

INWOOD RESTAURANT CORP.
dba LA NUEVA ESPANA, and
JUAN JIMENEZ, individually,

                Defendants.

---

## <u>SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS</u>

This Settlement Agreement and General Release of Claims (hereinafter, "Agreement") is entered into between Constantino Vicente-Guerrera (hereinafter "PLAINTIFF"), and Inwood Restaurant Corp., and said company's' successors, predecessors, parent, their related domestic and foreign business entities, corporations, partnerships, and subsidiaries, as well as their respective current and former directors, officers, shareholders, partners, employees, assigns, and successors in interest, representatives, agents, insurers, both in their representative and individual capacities, and said individual's heirs, executors, administrators, successors, assigns, and attorneys, and Juan Jimenez, individually (herein collectively referred to as "DEFENDANTS");

    A.    WHEREAS, PLAINTIFF has brought forth this action in the United States

           District Court, Southern District of New York, against DEFENDANTS alleging

           violations under the Fair Labor Standards Act (hereinafter "FLSA") and the New

           York State Labor Law; and

-1-

B.    WHEREAS, DEFENDANTS have denied PLAINTIFF'S claims; and

C.    WHEREAS, PLAINTIFF and DEFENDANTS wish to avoid the uncertainties and expense of future proceedings in this matter and desire to forgo any and all future litigation; and

D.    WHEREAS, DEFENDANTS are willing to enter into this Agreement with PLAINTIFF and to provide PLAINTIFF with the consideration specified in Paragraph 1, below, in exchange for PLAINTIFF'S promises set forth in this Agreement; and

E.    WHEREAS, the parties have agreed to voluntarily settle this action in exchange for entering into this Agreement.

Based upon the foregoing promises and the consideration to be provided to PLAINTIFF and the other promises set forth below, DEFENDANTS, intending to be legally bound, agree as follows:

1.    **Consideration to be Provided to PLAINTIFF.**

In consideration for the promises made by PLAINTIFF set forth in this Agreement, DEFENDANTS promise to pay PLAINTIFF the total amount of thirty-six thousand dollars ($36,000.00).  Such payment shall be made in twenty-seven installments; the first in the amount of exactly ten thousand dollars shall be due within ten (10) days of court approval of the settlement of this matter; followed by twenty-six (26) monthly payments, each in the amount of exactly one thousand dollars ($1,000). All payments shall be payable to "Cilenti & Cooper, PLLC, as attorneys for Constantino Vicente-Guerrera", and delivered to the offices of plaintiff's counsel Cilenti & Cooper, PLLC, The total amount after completion of all payments shall be

-2-

exactly $36,000; after completion of the payments described herein, no further payments shall be owed.

PLAINTIFF further agrees that he will be individually responsible for any employee taxes, including any payroll taxes and income taxes, due on the payment pursuant to this Paragraph and agrees to indemnify and hold harmless DEFENDANTS for any such liability with respect to that payment. PLAINTIFF acknowledges that his attorneys' fees and expenses will be paid as part of the monies set forth in this Paragraph, and there will be no further or separate claim for attorneys' fees or expenses.

    2.    **Adequate Consideration.**

PLAINTIFF expressly stipulates that the consideration referred to in Paragraph 1 constitutes adequate and ample consideration for the rights and claims he is waiving under this Agreement and for the obligations imposed upon him by virtue of this Agreement. PLAINTIFF expressly agrees and acknowledges that DEFENDANTS have promised to pay the consideration referred to in Paragraph 1 of this Agreement in exchange for the releases, waivers, and promises made by PLAINTIFF in this Agreement. In exchange for this Agreement, PLAINTIFF'S counsel will provide DEFENDANTS' counsel with an executed Stipulation of Discontinuance With Prejudice, which is annexed hereto as Exhibit A, and which will be filed with the Court after approval by the Court that the settlement is fair and reasonable, and after the payments set forth in Paragraph 1 herein has been made.

    3.    **Release of Claims by PLAINTIFF.**

PLAINTIFF voluntarily and irrevocably releases and forever discharges DEFENDANTS from and against any and all claims, obligations, debts, liabilities, demands, or causes of action

-3-

of any kind whatsoever (all collectively referred to herein as the "disputes") with respect to any alleged acts occurring before the effective date of this Agreement as it relates to any claims made by the PLAINTIFF that he was not paid overtime, minimum wage, spread of hours and/or other wages and/or tip credits, and was not provided with wage records in connection with his employment in violation of the FLSA and the New York Labor Law. The claims released by PLAINTIFF include any and all claims against DEFENDANTS concerning PLAINTIFF'S employment with or arising from his employment with DEFENDANTS pursuant to the FLSA and the New York Labor Law which were asserted during the course of this litigation, including claims for unpaid overtime, unpaid minimum wage, unpaid spread of hours pay (New York Comp, Codes Rules & Regulations § 142-2.4) as well as claims for failure to maintain and/or provide wage records pursuant to New York Labor Law § 195(1) and (3). PLAINTIFF understands that he is releasing any and all claims asserted against DEFENDANTS pursuant to the FLSA and New York Labor Law during the course of this litigation.

    4.    **Affirmations by PLAINTIFF.**

        a. PLAINTIFF agrees that with respect to the claims he is waiving, he is waiving not only his right to recover money or other relief in any action that he might institute, individually or collectively, but also that in the event a claim is brought on his behalf, individually or jointly, by any other person or entity, before the United States Department of Labor, the New York State Department of Labor, or any other (U.S. or foreign) federal, state, or local governmental agency, department, or court as it relates to the claims released by the PLAINTIFF in Paragraph 3 herein, he is waiving his right to recover money or other relief in such action.

-4-

b.   As a result of this settlement, PLAINTIFF admits and affirms that: (i) he has had an opportunity to consult his attorney about whether this settlement is reasonable and fully satisfies his claims against DEFENDANTS; (ii)  he has no other outstanding lawsuits or claims against DEFENDANTS, other than the action brought in the United States District Court, Southern District of New York.

c.   PLAINTIFF affirms his understanding that the statute of limitations for any claim he might possess, including under any of the statutes referenced in Paragraph 3, is not tolled by the signing of this Agreement or the negotiations leading up to the formation of this Agreement.

d.   PLAINTIFF has entered into this Agreement under his own free will and volition upon consultation with his attorney.

e.   PLAINTIFF has had this Settlement Agreement read to him by PLAINTIFF'S counsel and/or an employee thereof in his native language and/or has been provided a copy of this Agreement in his native language.

**5.      No Admission of Liability or Wrongdoing.**

PLAINTIFF agrees that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by DEFENDANTS. DEFENDANTS deny that they engaged in any wrongdoing of any kind with respect to PLAINTIFF.

**6.      Breach.**

In the event of a breach of this Agreement by DEFENDANTS for PLAINTIFFS' failure to receive the payments set forth in Paragraph 1, PLAINTIFFS by their attorney, shall send

written notice of such breach by e-mail to DEFENDANTS' counsel.  Upon notice of such breach, DEFENDANTS shall have ten (10) days to cure such breach. If such breach is not cured within ten (10) days, PLAINTIFFS shall be permitted to apply to the District Court for a judgment in the amount then due and owing, plus and attorneys' fees and interest at the highest lawful rate.

In the event of a dispute as to the interpretation, application, or violation of this Agreement, including any breach of the Agreement, it is understood and agreed that such dispute shall be resolved before the United States District Court, Southern District of New York.  The United States District Court, Southern District of New York shall retain jurisdiction for purposes of enforcing the parties' Settlement Agreement.  The parties agree that any such dispute shall be resolved by a judge, not by a jury. The prevailing party shall be entitled to attorneys' fees.

### 7.    Advice of Counsel.

All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing.  PLAINTIFF hereby represents that he has consulted his attorney(s) about this Agreement before signing it.

### 8.    Severability.

Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

-6-

9.      **Governing Law and Interpretation.**

This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

10.     **Disputes; Damages.**

In the event of a dispute as to the interpretation, application, or violation of this Agreement, it is understood and agreed that such dispute shall be resolved before the United States District Court, Southern District of New York. The parties agree that any such dispute shall be resolved by a judge, not by a jury.

11.     **Waiting Period, Right of Revocation, Effective Date.**

PLAINTIFF acknowledges that he has been provided with a reasonable period of time within which to consider this settlement and to decide whether to execute this Agreement, and that he has been given the opportunity and, in fact, has consulted with an attorney. The effective date of this Agreement is the date on which PLAINTIFF signs this Agreement.

12.     **Entire Agreement.**

All parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement. All parties represent and agree that this is an all-inclusive Agreement and that no other written, oral, and/or implied representations, promises, or agreements exist between them regarding the subject matter set forth in this Agreement. This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both PLAINTIFF and

-7-

DEFENDANTS.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE.  THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT.  THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.  THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH ONE ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS PURSUANT TO PARAGRAPH 3 OF THIS AGREEMENT.  THE  PARTIES  ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

THIS IS A LEGAL DOCUMENT - READ CAREFULLY BEFORE SIGNING.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

*Vicente*

**CONSTANTINO VICENTE-GUERRA**

Date: 8/22/2018

**27 INWOOD RESTAURANT**
**DBA LA NUEVA ESPAÑA**
By:
Date:

**JUAN JIMENEZ**

Date: 9/10/18

-9-

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONSTANTINO VICENTE-GUERRA,
on behalf of himself and others similarly situated,

Case No.: 17 CV 7197
(GWG)

Plaintiff,

-against-

INWOOD RESTAURANT CORP.
dba LA NUEVA ESPANA, and
JUAN JIMENEZ, individually,

Defendants.

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed
with prejudice, without costs to any party against any other.  This Stipulation may be filed with the Court
without further notice to any party.  This Court shall retain jurisdiction to enforce the parties' Settlement
Agreement.

Dated: Sept 10 , 2018

For the Plaintiffs:

CILENTI & COOPER, P.C.

By: _____
        Peter Cooper, Esq.
*Attorneys for Plaintiff Juan Amigon*
708 Third Avenue, 6th Floor
New York, NY 10017
(212) 209-3933

For the Defendants:

HOFFMANN & ASSOCIATES

By: _____
        Andrew S. Hoffmann, Esq.
*Attorneys for Defendants*
450 Seventh Avenue – Suite 400
New York, NY 10123
(212) 679-0400

So Ordered

_____
U.S.M.J.

-11-